UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH BRINSON,
        Plaintiff,

   -v-

QUINCY AMUSEMENTS, INC.,
        Defendant.

19-CV-5026 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

  This case was removed from New York Supreme Court, Bronx County, on May 30, 2019. (Dkt. No. 1.) On November 20, 2019, the parties filed a motion requesting that the case be remanded to state court along with a stipulation agreeing that the amount in controversy does not exceed $75,000. (Dkt. No. 15.)

  "[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). The "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Where an action has been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As relevant here, Congress has granted district courts original jurisdiction over cases between "citizens of different States" in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Because the amount in controversy does not exceed $75,000, this Court does not have subject matter jurisdiction over this case.

1

Accordingly, the motion to remand is GRANTED. This case is hereby remanded to New York Supreme Court, Bronx County, pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: November 21, 2019
      New York, New York

_____
J. PAUL OETKEN
United States District Judge